UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC, | Case No. 2:22-cv-002087-DJC-JDP |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| A ROBINSON RECYCLING CENTER LLC d/b/a SMOKE N STUFF and ALYA N ROBINSION, | |
| Defendants. | |

Plaintiff in this trademark infringement action alleges that defendants used its registered marks to sell competing products without plaintiff's permission. Defendants have neither answered the complaint nor otherwise appeared. Plaintiff now moves for default judgment against both defendants. ECF No. 15. I recommend that plaintiff's motion be granted in part and denied in part.

**Background**

The complaint alleges that, since 2020, plaintiff has marketed and sold glass infusers and related accessories. ECF No. 1 at 3. Plaintiff is the owner of the "Stüdenglass" trademark and two other related trademarks—U.S. Trademark Registration Numbers 6,633,884; 6,174,292; and 6,174,291 ("marks")—which have been used in connection with the manufacturing and sale of plaintiff's products. *Id*. at 3-4. Plaintiff has continuously used the marks since 2020, and goods

1

1  bearing the distinct marks are widely recognized as superior to competing products. *Id*. at 4.
2  Defendants have, without plaintiff's consent, sold counterfeit products bearing one or more of
3  plaintiff's marks. *Id*. at 6.  Based on these allegations, plaintiff alleges two claims under the
4  Lanham Act: (1) counterfeiting and infringement under trademark, 15 U.S.C. § 1114; and
5  (2) false designation of origin and unfair competition, 15 U.S.C. § 1125(a). *Id*. at 10-13.

6        Plaintiff filed proofs of service showing that defendant Robinson was personally served
7  with a copy of the summons and complaint on February 1, 2023, and service was completed on
8  defendant A Robinson Recycling Center, LLC ("Robinson Recycling") by substitute service on
9  February 16, 2023.  ECF Nos. 4 & 6; *see* Fed. R. Civ. 4(e)(1), (h); Cal. Civ. P. § 415.20(a).  After
10 defendants failed to timely respond to the complaint, plaintiff requested entry of their default.
11 ECF Nos. 8 & 13.  Robinson's default was entered February 28, 2023, ECF No. 9, and Robinson
12 Recycling's was entered on August 2, 2023, ECF No. 14.[1]  Plaintiff now moves for default
13 judgment against both defendants.  ECF No. 15.

14 **Legal Standard**

15       Under Federal Rule of Civil Procedure 55, default may be entered against a party who
16 fails to plead or otherwise defend against an action. *See* Fed. R. Civ. P. 55(a).  However, "[a]
17 defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."
18 *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v.*
19 *Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)).  Rather, the decision to grant or deny a motion
20 for default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In
21 exercising that discretion, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

---

[1] Robinson Recycling's default was initially entered on February 28, 2023.  ECF No. 9.  Since service on Robinson Recycling was not completed until February 16, 2023, that entry of default was premature and was therefore set aside.

1   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary

2   standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v.*

3   *Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-*

4   *Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

5         Generally, once default is entered, "the factual allegations of the complaint, except those

6   relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826

7   F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th

8   Cir. 1977)).  However, "necessary facts not contained in the pleadings, and claims which are

9   legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d

10  1261, 1267 (9th Cir. 1992).

11  **Discussion**

12      A.    <u>Appropriateness of the Entry of Default Judgment Under the *Eitel* Factors</u>

13        The merits of plaintiff's substantive claims and the sufficiency of the complaint—factors

14  two and three—weigh in favor of granting default judgment.

15        To state a trademark infringement claim under the Lanham Act, a plaintiff must allege

16  "(1) that [the plaintiff] has a protectible ownership interest in the mark; and (2) that the

17  defendant's use of the mark is likely to cause consumer confusion."[2] *Rearden LLC v. Rearden*

18  *Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012).  "Registration of a mark is *prima facie*

19  evidence of the validity of the mark, the registrant's ownership of the mark, and the registrant's

20  exclusive right to use the mark in connection with the goods specified in the registration." *Pom*

21  *Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014).  In assessing the likelihood of

22  consumer confusion, courts consider the following eight factors: "(1) strength of the protected

23  mark; (2) proximity and relatedness of the goods; (3) type of goods and the degree of consumer

---

[2] Plaintiff's two claims are addressed together since demonstrating trademark infringement under the Lanham Act is sufficient to establish a claim for false designation and unfair competition under the Act.  *See, e.g.*, *Sebastian Intern., Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073, 1074 (9th Cir. 1995); *Grey v. Campbell Soup Co.*, 650 F. Supp. 1166, 1173 (C.D. Cal. 1986) ("The tests for infringement of a federally registered mark under § 32(1), 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under § 43(a), 15 U.S.C. § 1125(a), and common law unfair competition involving trademarks are the same.").

care; (4) similarity of the protected mark and the allegedly infringing mark; (5) marketing channel convergence; (6) evidence of actual consumer confusion; (7) defendant's intent in selecting the allegedly infringing mark; and (8) likelihood of product expansion." *Id*. at 1125. "[A] plaintiff need not satisfy every factor, provided that strong showings are made with respect to some of them." *Id*. at 1126.

Here, plaintiff alleges that it is the owner of the three Stüdenglass marks, which are associated with the sale of plaintiff's glass infusers and related accessories. ECF No. 1 at 3-4. The marks are distinct, have been used continuously since 2020, and are "widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from" plaintiff. *Id*. at 4. Without plaintiff's consent, defendants have sold, and continue to sell, counterfeit products using imitations of one or more of plaintiff's marks. *Id*. at 6. These imitating marks are identical to, or substantially indistinguishable from, plaintiff's marks. *Id*. These allegations are sufficient to state claims for trademark infringement and false designation and unfair competition.

The remaining *Eitel* factors also weigh in favor of default judgment. Defendants were properly served, *see* ECF Nos. 4 & 6, but have not responded to the amended complaint. Thus, it appears that defendants' default was not due to excusable neglect. Plaintiff seeks statutory damages, and when accepting plaintiff's allegations as true, there is little possibility of a dispute concerning material facts. *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). Additionally, because defendants have not appeared in this action, plaintiff has no way to obtain relief absent default judgment. Finally, although decisions on the merits are favored, such a decision is impossible where the defendant declines to take part in the action. *See Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Accordingly, plaintiff is entitled to default judgment.

      B.     <u>Requested Relief</u>

Plaintiff seeks $150,000 in statutory damages, $1,380.79 in costs, and injunctive relief.

ECF No. 15 at 14-17.

          1. <u>Damages</u>

Under the Lanham Act, a plaintiff may elect to recover statutory damages instead of actual damages in cases involving use of a counterfeit mark. A plaintiff may elect to recover not more than $2,000,000 per counterfeit mark so long as the court determines "that the use of the counterfeit mark was willful." 15 U.S.C. § 1117(c)(2). "The district court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *L.A. News Service v. Reuters Television Intern., Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998); *see also Peer Intern. Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) ("The court is guided by what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like.").

In assessing the appropriate amount of statutory damages, courts have considered:

> (1) the expenses saved and the profits reaped by the defendant; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

*Coach, Inc. v. Diva Shoes & Accessories*, No. 10-5151 SC, 2011 WL 1483436, at *6 (N.D. Cal. Apr. 19, 2011) (citing *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1237-38 (E.D. Cal. 2008)).

Plaintiff seeks $150,000—$50,000 for infringement of each mark—in statutory damages. In support of its request for damages, plaintiff submits declarations from its owner and chief executive officer, Christopher Folkerts, ECF Nos. 15-1, 15-2. Mr. Folkerts states that "[o]n October 26, 2022, counterfeit products bearing the Stüdenglass Trademarks registered to GS were sold by the Defendant store . . . . The store sold the fake product . . . for $347.99 when the actual sale price of the real product at retail is $599.95, which is deceptive and confusing to the buyer as the price point is almost identical." ECF No. 15-2 at 2. Mr. Folkerts states that his investigators visited 4,954 stores across the country and found counterfeit Stündenglass for sale in over one-fifth of them. ECF No. 15-1 at 2. He also states that based on his "industry knowledge," he estimates that in 2022, plaintiff lost approximately $35 million in sales due to mass-production of

counterfeit products. *Id.* at 3. Plaintiff also submitted a report by Pettingill Analytics, LLC, which estimates plaintiff's net revenue loss for its Stüdenglass products at roughly $13 million. ECF No. 15-6 at 7.

Mr. Folkerts's declaration only evidences a single incident of infringement attributable to defendants, which does not warrant $150,000 in damages. In similar situations, courts have consistently found a total of $5,000 in damages to be appropriate. *See GS Holistic, LLC v. AA 110*, No. 2:22-cv-02034-DAD-CKD, 2024 WL 200949, at *1 (E.D. Cal. Jan. 17, 2024) (awarding $5,000 in statutory damages pursuant to 15 U.S.C. § 1117); *GS Holistic, LLC v. Seattle Smoke Shop LLC*, No. C23-5181JLR, 2023 WL 7386428, at *6 (W.D. Wash. Nov. 8, 2023) (same); *GS Holistic, LLC v. Aman Awalom*, No. 23-cv-00748-CRB, 2023 WL 7458857, at *1 (N.D. Cal. Oct. 21, 2023) (same); *GS Holistic, LLC v. Always Lit Inc.,* No. 2:22-cv-05393-SVW-MAR, 2023 WL 5504955, at *5 (C.D. Cal. July 7, 2023) (same).

Moreover, the bare-bones conclusions offered by plaintiff do not justify the requested damages. Here, as in other cases, plaintiff cannot reasonably estimate actual damages and has only shown one sale related to a counterfeit item. To reduce the risk of a windfall, I recommend an award of $5,000 in statutory damages. *See GS Holistic, LLC v. MSA-Bossy Inc.*, No. 22-CV-07638-JSC, 2023 WL 3604322, at *6 (N.D. Cal. May 22, 2023) ("Under the circumstances, an award of $5,000 is just . . . . It is above the statutory minimum, represents almost ten times the price of the only sale at issue, and serves a deterrent purpose while avoiding a windfall."); *GS Holistic, LLC v. Budda Maharjan*, No. 23-cv-00750-SVK, 2024 WL 1007422, at *5 (N.D. Cal. Feb. 7, 2024).

          2.      <u>Injunctive Relief</u>

"Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988). To obtain a permanent injunction, a "plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff

6

1  and defendant, a remedy in equity is warranted; and (4) that the public interest would not be

2  disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391

3  (2006). "[O]nce the plaintiff establishes a likelihood of confusion, it is ordinarily presumed that

4  the plaintiff will suffer irreparable harm if injunctive relief is not granted." *Vision Sports, Inc. v.*

5  *Melville Corp.*, 888 F.2d 609, 612 n.3 (9th Cir. 1989).

6        Here, plaintiff requests a permanent injunction enjoining defendants from "[t]he import,

7  export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale,

8  transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display,

9  delivery, marketing, advertising or promotion of the counterfeit Stündenglass product identified

10  in the complaint and any other unauthorized Stündenglass product identified in the complaint and

11  any other unauthorized Stündenglass product, counterfeit, copy, or colorful imitation thereof[.]"

12  ECF No. 1 at 13-14.

13        Plaintiff argues that it is entitled to injunctive relief "[b]y the reasons explained in [its]

14  Complaint and pursuant to 15 U.S.C. § 1116," and briefly discusses the factors a court must

15  consider before entering a permanent injunction. ECF No. 15 at 17-19. However, plaintiff's

16  complaint describes the sale of just one counterfeit glass infuser displaying the Stündenglass

17  Marks, and plaintiff requests a wider injunction relating to "any other unauthorized Stündenglass

18  product, counterfeit, copy or colorful imitation thereof[.]" ECF No. 1 at 14. The requested

19  permanent injunction is not well supported by plaintiff's investigator's purchase of a single

20  counterfeit glass infuser bearing the Stündenglass Marks. I therefore recommend that plaintiff's

21  request for a permanent injunction be denied.

22        Finally, plaintiff seeks an order under 15 U.S.C. § 1118 requiring that "Defendants, at

23  their cost, deliver to the Plaintiff for destruction all products, accessories, labels, signs, prints,

24  packages, wrappers, receptacles, advertisements, and other material in their possession, custody

25  or control bearing any of the Stündenglass Marks." ECF No. 15 at 19-20. The Lanham Act

26  authorizes, but does not require, the court to order the destruction of articles that infringe upon a

27  trademark. Like plaintiff's other requests for relief, the request for destruction of any article

28  "bearing any of the Stündenglass Trademarks" is based on plaintiff's investigator's purchase of

one counterfeit glass infuser. *Id.* The one-time purchase of a single item bearing plaintiff's marks does not warrant an order imposing the destruction of any article item with the marks. *See GS Holistic, LLC, v. Iman Corp. Inc.*, No. C23-0315JLR, 2024 WL 1012896, at *7 (W.D. Wash. Mar. 8, 2024) (denying plaintiff's request for an order pursuant to 15 U.S.C. § 1118).

    3.  Costs

Plaintiff also seeks costs in the amount of $1,380.79, which consists of $402 for the court's filing fee, $565.80 for completing service, and $412.99 for investigation fees. ECF No. 15 at 17. The filing fee and service costs are reasonable and should be awarded. However, plaintiff's request for investigation fees should be denied because 15 U.S.C. § 1117(a) does not allow for costs incurred before an action is filed. *See GS Holistic, LLC v. MSA-Bossy Inc.*, No. 22-CV-07638-JSC, 2023 WL 3604322, at *6 (N.D. Cal. May 22, 2023) (denying the plaintiff's request for investigation fees because "[t]he plain language of 'the costs of the action,' 15 U.S.C. § 1117(a), is limited to costs incurred after 'the action'—the court case—has begun"); 15 U.S.C. § 1117(a). Additionally, plaintiff has not submitted billing statements for the requested investigation fees and therefore has failed to demonstrate that the expense was reasonably incurred. *Johnson v. Saleh*, No. 2:16-cv-00617-JAM-KJN, 2018 WL 1157494, *3 (E.D. Cal. Mar. 5, 2018) (denying request for investigator fees because "the Court ha[d] no basis upon which to judge whether these costs were reasonably incurred" due to plaintiff's failure to submit billing statements). Accordingly, plaintiff should be awarded $967.80 in costs.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for default judgment, ECF No. 15, be granted in part.

2. Default judgment be entered against defendants A Robinson Recycling Center and Aliya N. Robinson in the total amount of $5,000.

3. Plaintiff be awarded costs in the amount $967.80.

4. The balance of the motion be denied.

5. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    December 2, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE